Bruce Black and Tracie Black, d/b/a Westside Auto Center, LLC, Plaintiffs-Appellants,
v.
Tim Bach, Defendant-Respondent,
Kahl Construction, Inc., Defendant.
No. 2005AP3010.
Court of Appeals of Wisconsin, District II.
January 10, 2007.
Before Snyder, P.J., Brown and Anderson, JJ.
¶ 1 PER CURIAM.
Bruce and Tracie Black, doing business as Westside Auto Center, LLC (the Blacks), have appealed from a judgment dismissing their complaint against Tim Bach. The Blacks brought this action against Bach and Kahl Construction, Inc., alleging breach of contract and negligence in the construction of a commercial building. Judgment was entered pursuant to a trial court order granting partial summary judgment and dismissing Bach from the action on the ground that Bach was acting as an agent of Kahl Construction, Inc., when contracting with the Blacks, and the Blacks were aware that he was representing the corporation. We reverse the judgment and remand the matter for further proceedings consistent with this decision.
¶ 2 When reviewing a grant of summary judgment, we apply the same methodology as the trial court and decide de novo whether summary judgment was appropriate. Coopman v. State Farm Fire & Cas. Co., 179 Wis. 2d 548, 555, 508 N.W.2d 610 (Ct. App. 1993). Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2) (2003-04).[1] We will reverse a decision granting summary judgment if the trial court incorrectly decided legal issues or material facts are in dispute. Coopman, 179 Wis. 2d at 555. In our review we, like the trial court, are prohibited from deciding issues of fact; our inquiry is limited to determining whether a material factual issue exists. See id. A court may not base its ruling on its assessment of the weight of the evidence or the witnesses' credibility. Pomplun v. Rockwell Int'l Corp., 203 Wis. 2d 303, 306-07, 552 N.W.2d 632 (Ct. App. 1996). The evidence, and the inferences therefrom, must be viewed in the light most favorable to the party opposing the motion. Kraemer Bros., Inc. v. U.S. Fire Ins. Co., 89 Wis. 2d 555, 567, 278 N.W.2d 857 (1979). Any reasonable doubt as to the existence of a factual issue must be resolved against the moving party. Maynard v. Port Publ'ns, Inc., 98 Wis. 2d 555, 563, 297 N.W.2d 500 (1980).
¶ 3 It is undisputed that Bach is an agent of Kahl Construction, Inc. When an agent merely contracts on behalf of a disclosed principal, the agent does not become personally liable to the other contracting party. Benjamin Plumbing, Inc. v. Barnes, 162 Wis. 2d 837, 848, 470 N.W.2d 888 (1991). However, an agent will be considered a party to the contract and will be held liable for its breach when the principal is only partially disclosed. Id. "A principal is considered partially disclosed where, at the time of contracting, the other party has notice that the agent is acting for a principal but has no notice of the principal's corporate or other business organization identity." Id. at 848-49 (citations omitted).
¶ 4 "The general rule that agents are contractually liable where the principal is partially disclosed has produced the rule that an agent is liable where the contracting party is not aware of the corporate status of the principal." Id. at 850-51 (citations omitted). The agent who seeks to escape liability has the burden of proving that the principal's corporate status was disclosed. Id. at 851. The contracting party does not have a duty to inquire into the corporate status of the principal even when it is within that party's capability to do so. Id. Because the contracting party needs notice of the principal's corporate status, the use of a trade name is normally insufficient disclosure. Id.
¶ 5 Whether the contracting party has sufficient notice of the principal's corporate identity presents a question of fact. Id. at 852. The contracting party is generally said to have notice of the identity of the principal if he or she knows, has reason to know, or should know of it, or has been given notification of the fact. Id. However, there must be more than a mere suspicion of the principal's corporate status. Id. "The trier of fact may look to the acts and circumstances surrounding the transaction until the time of contracting to determine whether there was actual or constructive notice." Id. (citations omitted). Notice must be given at or prior to execution of the contract documents. Id.
¶ 6 Based upon our independent review of the record, we conclude that a material issue of fact exists as to whether the Blacks had actual or constructive notice of Kahl Construction, Inc.'s corporate identity when they contracted with Bach. The record indicates that the Blacks contacted Bach about the construction project in or about March 1999. It is undisputed that no written contract was entered into by the parties, and that the contract was orally entered in March 1999.
¶ 7 Bach contends that he acted in his capacity as an agent of Kahl Construction, Inc., when entering into the contract, and that the Blacks had knowledge of Kahl Construction, Inc.'s corporate identity before they entered the contract. However, he cites no affidavit or other evidence indicating that he told Bruce or Tracie Black that he was acting as an agent of Kahl Construction and that it was a corporation. He relies primarily upon the deposition testimony of the Blacks, including Tracie's reply that she "knew it was his business" when she was asked: "At all times that you dealt with Tim Bach, you understood he was a representative of Kahl Construction, Inc., correct?" Bach also relies on Tracie's answer when asked: "Before anybody provided any construction services or information, at some point you realized Tim Bach was a representative of Kahl Construction, Inc., though, right?" She replied, "It was his business, yes." In addition, Bach relies on testimony and documentary evidence indicating that letters, bills, invoices, and lien waivers issued after the contract was entered referred to Kahl Construction, Inc.
¶ 8 Bach's contention that the trial court's judgment should be affirmed based upon these materials ignores the remainder of the summary judgment record. Nothing in the record indicates that before entering the contract, Bach disclosed to Bruce Black that he was acting as an agent of a corporation, or that Bruce was aware of the corporate identity of Kahl Construction. Moreover, the Blacks filed an affidavit of Tracie in opposition to the motion for summary judgment.[2] In her affidavit, Tracie stated that there was never a written contract for the construction of the building, that she contacted Tim Bach because she was referred to him personally, and that all of her dealings were with Bach. She further stated:
6. That at the time that we entered into contractual arrangement with Mr. Bach, I was unaware of his affiliation ... with Kahl Construction, Inc.
7. That it was my belief and understanding that I was contracting with Tim Bach and not some corporation that I knew nothing about.
....
9. I never went to his place of business and he always met us out at our site. It was only after the contract was agreed to that I realized that Kahl Construction, Inc. was playing a role in the construction of our building.
10. That at the time of entering the contract, I was unaware of Mr. Bach's connections to Kahl Construction, Inc. I don't recall seeing any documentation related to Kahl Construction, Inc., until after we reached an agreement.
11. Prior to contracting Mr. Bach never informed me of the specific nature of his relationship to Kahl Construction, Inc.
¶ 9 Tracie's affidavit gives rise to a material issue of fact as to whether the Blacks had actual or constructive notice that Bach was acting as an agent for a corporate entity at the time the contract was entered. Summary judgment therefore must be reversed, and the matter remanded for further proceedings consistent with this decision.
By the Court.  Judgment reversed and cause remanded.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version.
[2] Bach filed his motion for partial summary judgment on September 9, 2005, along with an affidavit incorporating the Blacks' deposition testimony. The Blacks filed their brief in opposition to summary judgment on September 21, 2005. An unsigned, unsworn affidavit of Tracie Black was included with the brief filed on September 21, 2005. The signed and sworn affidavit was filed on September 29, 2005. Nothing in the record indicates that anyone ever objected to the filing of the affidavit on September 29, 2005, which was two weeks before the trial court made its decision.